## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 15 2015, 9:42 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Larry L. Barnard
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Donald E. Sommerfeld Jr.
McGregor & Sommerfeld PLLC
Mio, Michigan

Brian R. Gates
Jones Obenchain, LLP
South Bend, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Reinforcing Services Company, LLC, Steven Estes, and Wesco Wind, LLC, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> Whaley Steel Corp. and James Whaley, <br><br> *Appellees-Defendants* | April 15, 2015 <br><br> Court of Appeals Case No. 90A02-1410-PL-764 <br><br> Appeal from the Wells Circuit Court <br><br> The Honorable Kenton W. Kiracofe, Judge <br><br> Case No. 90C01-1304-PL-7 |

**Crone, Judge.**

# Case Summary

[1] The trial court dismissed the action brought by plaintiffs Reinforcing Services Company, LLC, Steven Estes, and Wesco Wind, LLC (collectively "Appellants"), against Michigan defendants Whaley Steel Corp. and James Whaley (collectively "Appellees"), holding that the court lacked personal jurisdiction over the defendants. We affirm.

# Facts and Procedural History

[2] The facts most favorable to the trial court's order are as follows. Reinforcing Services Company ("RSC") is a limited liability company organized and existing under the laws of the State of Indiana. Steven Estes is a resident of Wells County, Indiana. Wesco Wind ("Wesco") is a limited liability company organized and existing under the laws of the State of Indiana. Whaley Steel Corp. ("WSC") is a corporation organized and existing under the laws of the State of Michigan, with a principal place of business in Mio, Michigan. James Whaley, employed by WSC as a field operations manager, is a resident of the State of Michigan.

[3] Sometime during 2006, WSC and Brett Sanders of Sanders Rebar One[1] entered into a joint venture on wind farm projects in Montana, Minnesota, and Illinois. Their final wind farm project was Hoosier Hill, located in Indiana. The Hoosier Hill wind farm project started in March 2009 and ended in July 2009.

---

[1] The record does not indicate where Sanders and Sanders Rebar One hail from.

Estes, RSC, and Wesco had nothing to do with this project or the other projects.

[4] In April or May of 2009, Estes initiated contact with WSC at its principal place of business in Michigan because he had projects that he could not finance that he wanted WSC to take over. WSC agreed to do so, though the agreement was never reduced to writing. The negotiations were minimal and lasted about three hours. The agreement provided that WSC would pay Estes $7500 a month to estimate and procure work for WSC in Illinois. The agreement was between WSC and Estes only and did not include RSC or Wesco. Pursuant to the agreement, WSC made payments of $7500 to Estes in May and June 2009. Estes failed to procure work for WSC in Illinois, and following these payments, he emailed WSC to inform it that he was quitting.

[5] Later in 2009, Estes initiated contact with Whaley because he wanted to purchase Whaley's fifteen percent interest in Wesco. Whaley asked his attorney, who was from Michigan, to draft a promissory note which provided that Estes would pay Whaley $150,000 in exchange for Whaley's interest in Wesco. The membership interest purchase agreement provided that the agreement would be interpreted in accordance with Michigan laws. Whaley never received the money promised in the note.

[6] On April 4, 2013, Appellants filed a complaint against Appellees alleging breach of contract and unjust enrichment and asking the court for a declaratory judgment regarding the amounts due under the terms of the membership

interest purchase agreement and promissory note. On June 13, 2013, Appellees filed a motion to dismiss based upon lack of personal jurisdiction. On June 18, 2013, the trial court set the matter for hearing on October 23, 2013. On September 13, 2013, Appellees filed a motion to summarily dismiss under Indiana Trial Rule 41(E). On October 18, 2013, the trial court reset the hearing for January 29, 2014. On January 29, 2014, the trial court held a hearing on all pending matters.[2] On July 2, 2014, Appellees filed a brief to dismiss based upon lack of personal jurisdiction. On September 24, 2014, the court dismissed the action for lack of personal jurisdiction. Appellants appeal.

## Discussion and Decision

Personal jurisdiction is a question of law that is entitled to de novo review by appellate courts. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006). "We do not defer to the trial court's legal conclusion as to whether personal jurisdiction exists." *Id.* "However, personal jurisdiction turns on facts, typically the contacts of the defendant with the forum, and findings of fact by the trial court are reviewed for clear error." *Id.*

The Due Process Clause of the Fourteenth Amendment of the United States Constitution mandates that personal jurisdiction over a defendant must exist for

---

[2] Appellants included a portion of the hearing transcript in their appendix, and Appellees included the entire transcript in their appendix. Indiana Appellate Rule 50(F) states, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

a valid judgment to be entered. *Wolf's Marine, Inc. v. Brar*, 3 N.E.3d 12, 15 (Ind. Ct. App. 2014). Indiana's "long-arm" rule for exercising personal jurisdiction over out-of-state defendants, Indiana Trial Rule 4.4(A), permits the exercise of personal jurisdiction in any manner consistent with the Due Process Clause. *Id.* When a defendant argues a lack of personal jurisdiction, the plaintiff must present evidence to show that there is personal jurisdiction over the defendant. *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). The defendant bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless the lack of jurisdiction is apparent on the face of the complaint. *Id.*

[9] Jurisdiction over a person comports with the Due Process Clause if the person has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brockman v. Kravic*, 779 N.E.2d 1250, 1256 (Ind. Ct. App. 2002) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). The existence of personal jurisdiction depends on the nature and quality of the defendant's contacts with the forum. *Id.* These contacts must "consist of some action by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)). "Only the purposeful acts of the defendant, not the acts of the plaintiff or any third parties, satisfy this requirement." *Id.*

To determine whether personal jurisdiction exists under the Due Process Clause, courts first "must look at the contacts between the defendant and the forum state to determine if they are sufficient to establish that the defendant could reasonably anticipate being haled into court there." *Id.* "Contacts are any acts physically performed in the forum state or acts performed outside the forum state that have an effect within the forum." *Id.* Whether the contacts are sufficient for personal jurisdiction requires a fact-specific analysis based on five factors: (1) whether the claim arises from the defendant's forum contacts; (2) the overall contacts of the defendant or its agent with the forum state; (3) the foreseeability of being haled into court in that state; (4) who initiated the contacts; and (5) whether the defendant expected or encouraged contacts with the state. *Id.* at 1257.

If the defendant has sufficient contacts with the forum, courts "must further decide whether asserting personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *Id.* "The fairness inquiry is separate from the contacts question and may be used to defeat jurisdiction even if the defendant has sufficient contacts with the forum state." *Id.*

A defendant's contacts with a state may give rise to either general or specific personal jurisdiction. As we explained in *Brockman*:

> General personal jurisdiction refers to the ability to be sued for any claim in a state. In order to establish general personal jurisdiction, the court must find continuous and systematic contacts with the forum state such that the defendant could reasonably foresee being haled into

court in that state for any matter. General personal jurisdiction may exist if the contacts are substantial, continuous, and systematic. The contacts required for general personal jurisdiction are greater than those needed to establish specific personal jurisdiction.

Specific personal jurisdiction is jurisdiction that stems from the defendant's having certain minimum contacts with the forum state so that the court may hear a case whose issues arise from those minimum contacts. Under this theory, the defendant's isolated contacts with a state that are not enough to establish general personal jurisdiction may be sufficient to allow jurisdiction over any incidents related to those contacts. A single contact with a forum state may be enough to establish specific personal jurisdiction if it creates a substantial connection with the forum state and the suit is based on that connection. However, the act must be purposeful, not random or attenuated or the unilateral activity of another party or a third person.

*Id.* at 1256-57 (citations omitted).

## Section 1 – Whaley is not subject to specific personal jurisdiction in Indiana.

[13] Appellants' first argument is that Whaley is subject to specific personal jurisdiction in Indiana because the claim asserted against him arose out of his position as a minority owner of Wesco. Appellants rely exclusively on the facts that the agreement between Estes and Whaley involved Whaley's ownership interest in Wesco, a limited liability company with a principal place of business in Indiana, and the transaction was payable by Wesco and guaranteed by Estes, an Indiana resident. We find this argument unpersuasive. Whaley's actions in entering this agreement to sell his minority interest of an Indiana limited liability company to an Indiana resident do not constitute a "substantial connection with the forum state" or lead to the conclusion that Whaley could reasonably anticipate being haled into court in Indiana over this claim. Estes, not Whaley, initiated these contacts by reaching out to Whaley in Michigan.

Their negotiations took place by phone and email, and Whaley never traveled to Indiana for any part of this transaction. The purchase agreement and promissory note were drafted by Whaley's Michigan attorney and provided that Michigan law would control. We find that Whaley did not "purposefully avail[] [himself] of the privilege of conducting activities within" Indiana and did not invoke "the benefits and protections of [Indiana] laws." *Brockman*, 779 N.E.2d at 1256. Therefore, Indiana does not have specific personal jurisdiction over him.

## Section 2 – WSC is not subject to general personal jurisdiction in Indiana.

[14] Appellants next argue that WSC is subject to general personal jurisdiction in Indiana because it has substantial, continuous, and systematic contacts within the state. Appellants base these contacts on the work that WSC has performed in Indiana since 2010, asserting that general personal jurisdiction may exist if sufficient contacts exist at the time the cause of action arose, at the time the suit was filed, or within a reasonable period of time immediately prior to the filing. Appellants cite no Indiana cases to support their reasoning, and we fail to find support for it as well.[3] The underlying event that is the basis of Appellants' claims took place in 2009, when WSC had only one isolated contact with Indiana and before WSC increased its contacts in the state. We conclude that

---

[3] We do not find persuasive Appellants' citations to cases from other jurisdictions. Under Appellants' argument, personal jurisdiction would apply retroactively, which would offend "traditional notions of fair play and substantial justice." *Brockman*, 779 N.E.2d at 1256.

at the time the underlying event took place, WSC did not have substantial, continuous, and systematic contacts in Indiana such that "the defendant could reasonably foresee being haled into court in that state for any matter." *Brockman*, 779 N.E.2d at 1257. Therefore, Indiana does not have general personal jurisdiction over WSC.

## Section 3 – The trial court did not abuse its discretion in allowing Appellees to present evidence.

Finally, Appellants argue that the trial court abused its discretion in allowing Appellees to present evidence at the January 29, 2014 hearing without providing notice to the parties that evidence would be presented. "[A] trial judge has control over the proceedings in his court, and his duty is to conduct business expeditiously and consistent with the orderly procedure and administration of justice." *N. Indiana Pub. Serv. Co. v. G.V.K. Corp.*, 713 N.E.2d 842, 847 (Ind. Ct. App. 1999), *trans. denied* (2000). This court will review the trial court's decisions regarding the orderly conduct of a court proceeding for an abuse of discretion. *Id.*

The notice for the hearing provided that "[a]ll pending matters will be heard at that time." Appellants' App. at 87. We conclude that Appellants had no reason to believe that testimony would not or could not be given at the hearing. When a party "challenges the lack of personal jurisdiction, the plaintiff must present evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence." *Norris v. Pers. Fin.*, 957

N.E.2d 1002, 1007 (Ind. Ct. App. 2011) (quotation marks and citation omitted). The purpose of a hearing on a motion to dismiss for lack of personal jurisdiction is to present evidence. The trial court did not abuse its discretion by allowing evidence to be presented at the hearing. Therefore, we affirm.

Affirmed.

Friedlander, J., and Kirsch, J., concur.